IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' ANNUITY FUND, NORTH CENTRAL ILLINOIS WELFARE FUND, NORTHERN ILLINOIS WELFARE FUND, ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, NORTH CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATION EDUCATION TRUST FUND, NORTH CENTRAL ILLINOIS MIDWEST REGION FOR FAIR CONTRACTING, NORTH CENTRAL ILLINOIS MARKET PRESERVATION FUND, NORTH CENTRAL ILLINOIS VACATION FUND, NORTH CENTRAL ILLINOIS WORK DUES FUND and LABORERS' LOCAL NO. 751, Plaintiffs, v. EINFELDT CONSTRUCTION, INC. Defendant. | Case No. |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, EINFELDT CONSTRUCTION, INC., and allege as follows:

**Count I: Delinquent Contributions**

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), as amended, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, as amended, in

1

particular 29 U.S.C. §1145, and is a civil action to recover contributions or other payments owed to the Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Plaintiff, CENTRAL LABORERS' PENSION FUND, is administered in Jacksonville, Illinois.

4. Plaintiff, CENTRAL LABORERS' PENSION FUND, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947 and ERISA.

5. The CENTRAL LABORERS' PENSION FUND is the collection agent for the other named Plaintiffs, which are employee benefit funds, labor organizations, and labor-management committees/funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

6. That the Defendant was an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §102 (5), (11), (12), and (14).

7. The Defendant's, EINFELDT CONSTRUCTION, INC., place of business and address was in Bourbonnais, IL.

8. Defendant signed a collective bargaining agreement obligating it to remit contributions and other amounts to Plaintiffs. A copy of the collective bargaining agreement is attached hereto and incorporated herein as **Exhibit A.**

9. Defendant never terminated Exhibit A.

10. Pursuant to Exhibit A, Defendant agreed to be bound by the terms and conditions of all subsequent contracts negotiated between the Union and the association.

11. Defendant is and was bound to subsequent collective bargaining agreements, including the successor collective bargaining agreement in effect from June 1, 2012 through May 31, 2015. A copy of the successor collective bargaining agreement is attached hereto and incorporated herein as **Exhibit B.**

12. Defendant never terminated Exhibit B or any subsequent collective bargaining agreement.

13. Pursuant to ERISA (29 U.S.C. §1145), Defendant was required to make contributions to Plaintiffs in accordance with the terms and conditions of the collective bargaining agreements and Plaintiffs' trust documents. Plaintiffs' trust documents, in pertinent part, are attached hereto and incorporated herein as **Exhibits C, D, and E**.

14. Defendant employed individual who are participants in Plaintiffs' employee benefit funds, pursuant to the collective bargaining agreements.

15. Defendant employed individuals who performed work within the geographical jurisdiction of Plaintiffs, and said individuals performed hours of covered work for which contributions and other amounts are owed to Plaintiffs.

16. Defendant failed to properly and timely pay contributions and other amounts for all hours of covered work performed by Defendant's employees.

17. Defendant breached the collective bargaining agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (See, Exhibits A and B).

18. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (See, Exhibits C, D, and E).

19. Pursuant to Plaintiffs' trust agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of Defendant to determine whether the employer remitted the required payments.

20. Plaintiffs conducted an audit, which identified certain and determinable amounts owed by Defendant, for the period from April 1, 2011 through December 31, 2014. The audit report is attached hereto and incorporated herein as **Exhibit F.**

21. Based upon the audit report, Plaintiffs have determined that Defendant owes Plaintiffs contributions, check-offs, liquidated damages, and audit costs in the amount of $3,074.00, less a credit of $169.95, for a total of $2,904.05.

22. Pursuant to the Plaintiffs' trust agreements, and 29 U.S.C. §1145, Defendant owes liquidated damages in the amount of 10% of delinquent contributions. (See, Exhibits C, D, and E).

23. Pursuant to the terms of Plaintiffs' trust agreements, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses incurred by Plaintiffs in the collection of the amounts owed.

24. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
> 
> \*   \*   \*
> 
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

      **(A)**    the unpaid contributions,

      **(B)**    interest on the unpaid contributions,

      **(C)**    an amount equal to the greater of –

          **(i)**    interest on the unpaid contributions, or
          **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      **(D)**    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      **(E)**    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

    A.    That Judgment be entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, and against Defendant, EINFELDT CONSTRUCTION, INC., for all such monies due—including fringe benefit contributions, check-offs, liquidated damages, interest, audit costs, attorney's fees, court costs, and all applicable statutory remedies, for the time period of April 1, 2011 through current;

    B.    Specifically, that Defendant be decreed to pay to Plaintiffs the sum of $2,904.05 in fringe benefit contributions, check-offs, liquidated damages, and audit costs, plus any other amounts found to be owing at the time judgment is entered;

C. That Defendant be decreed to pay Plaintiffs their reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. §1132(g)(2)), and the respective trust agreements;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiffs are awarded such further and other relief as the Court deems just and equitable, all at Defendant's costs.

## Count II: Breach of Settlement Agreement

1. Plaintiffs re-assert and re-allege paragraphs 3 through 19 as if fully set forth herein.

2. In December 2011, and for consideration, Plaintiffs and Defendant entered into a Settlement Agreement whereby Defendant would pay $96,977.71, which consisted of contributions, check-offs, liquidated damages, interest, audit costs, and attorney fees under ERISA, over the course of thirty-six (36) monthly payments. Attached hereto and incorporated herein as **Exhibit G** is a copy of the Settlement Agreement.

3. Defendant failed to remit all thirty-six (36) monthly payments.

4. Defendant remitted approximately $75,426.96 under the Settlement Agreement.

5. Defendant owes Plaintiffs approximately $21,550.75 under the Settlement Agreement.

6. Plaintiffs have sent a Notice of Default to Defendant, but Defendant has failed to cure the default.

7. Defendant materially breached the terms and conditions of the Settlement Agreement by failing to make all payments due thereunder.

8. The Settlement Agreement was not used in a consumer transaction.

9. Consequently, Defendant is liable to Plaintiffs in the amount of $96,977.71, less amounts received of $75,426.96, for a total amount of $21,5550.75.

10. Pursuant to the terms of the Settlement Agreement as well as under ERISA, Defendant is liable for reasonable attorneys' fees and court costs.

11. As a result of Defendant's breach, Plaintiffs have a right to enforce the Settlement Agreement, which provides that Plaintiffs shall retain all pre-settlement rights (under ERISA) to satisfy the unpaid portion of the Settlement Agreement.

12. Pursuant to Federal Rules of Civil Procedure §1367(a), the district courts shall have supplemental jurisdiction over all claims that are so related to claims in which the district courts have original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. §1367(a).

13. The Settlement Agreement is so related to Count I of this Complaint that it forms part of the same case or controversy given that the Settlement Agreement stems from delinquent fringe benefit contributions under 29 U.S.C. §1145.

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, and against Defendant, EINFELDT CONSTRUCTION, INC., for all such monies due—including fringe benefit contributions, liquidated damages, interest, audit costs, attorney's fee, court costs, and any applicable statutory remedies—at the time judgment is rendered;

B. Specifically, that Defendant be decreed to pay $21,550.75 plus any other amounts found to be due and owing at the time judgment is entered;

C. That Defendant be ordered to pay all costs attendant to the costs of these proceedings; and

  D. That Plaintiffs are awarded at Defendant's costs, such further and other relief as may be available or as is otherwise just and equitable.

            CENTRAL LABORERS' PENSION FUND, *et al.*,
            Plaintiffs

            By: s/ Timothy J. Shrake II
               TIMOTHY J. SHRAKE II
               **CAVANAGH & O'HARA LLP**
               Attorney for Plaintiffs
               2319 West Jefferson Street
               Springfield, IL 62702
               Telephone: (217) 544-1771
               Fax: (217) 544-9894
               timshrake@cavanagh-ohara.com